

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 28, 1949

Hon. Claude Isbell
Executive Secretary
Board of Regents
State Teachers Colleges
Austin, Texas

Opinion No. V-940.

Re: Several questions re-
lating to the con-
struction of a pri-
vately financed chapel
on the campus of West
Texas State College.

Dear Sir:

      We refer to your letter relating to the erec-
tion of a chapel to be constructed on the campus of West
Texas State College solely from funds contributed by in-
dividuals, and an order passed by the Board of Regents
of Texas State Teachers Colleges which reads:

> "(1) Before advertisement for bids: Funds
> contributed should be delivered uncondition-
> ally into the hands of the Board to be dis-
> bursed by the Board exclusive of control from
> donors or others (2) The construction cost
> including equipment and furnishing must be
> within the amount of funds delivered into the
> Boards control; and (3) Before bids for con-
> struction are accepted reasonable rules and
> regulations for the use of the Chapel shall
> be promulgated by the Board so that all may
> know of permitted use before the Board in-
> curs any obligation for building and that
> when complete the building be maintained by
> the College."

      You state that the Board desires the legal
consideration of this office on this order before going
further with construction.

      Article 2603c, Section 1, Vernon's Civil Stat-
utes, provides in part:

> "That . . . the Board of Regents of the
> State Teachers College . . . are . . . auth-
> orized and empowered to construct or acquire
> through funds or loans to be obtained from

. . . any . . . source, private or public, without cost to the State of Texas, and accept title, subject to such conditions and limitations as may be prescribed by . . . said Boards, dormitories, kitchens and dining halls, hospitals, libraries, student activity buildings, gymnasia, athletic buildings and stadia, and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students of such institutions when the total cost, type of construction, capacity of such buildings, as well as other plans and specifications have been approved by the . . . Governing Boards; provided, however, that the Legislature shall never make an appropriation out of the general fund of this State . . . for the purpose of equipping or for the purpose of purchasing and installing any utility connections in any of the buildings erected under and by virtue of the provisions of this Act."

Section 7 thereof provides:

"It is further provided that land owned by the State or any of said institutions may be used as building sites and ground for such buildings acquired under the provisions of this Act."

Article I, Section 7 of the Constitution of Texas reads:

"No money shall be appropriated, or drawn from the Treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purposes."

Websters New International Dictionary, Unabridged, Second Edition, defines "Chapel" as:

"A subordinate place of worship, a sanctuary other than a parish or cathedral church . . .

"A private place of worship, or oratory;

as (a) One not connected with a church; as, the Chapel of a palace, hospital, prison or college."

In Fitzgerald v. East Lawn Cemetery, 10 A.2d 683 (Conn. Sup.1940), it is said that "the word chapel, in its ordinary significance, means a place of worship other than a large or regular church, a place of worship maintained for special purposes. Funk and Wagnalls Dictionary."

Upon consideration of the above statutes and authorities, it is our opinion that the Board of Regents of the Texas State Teachers Colleges has the authority to acquire such a chapel through funds obtained from a private source, without cost to the State of Texas, if in the discretion of such Board the building is needed for the good of the institution and the moral welfare and social conduct of the students. We think the order is in substantial compliance with the provisions and spirit of Section 1 of Article 2603c.

It is to be noted that the Legislature may not appropriate money out of the General Fund for the equipping of any building so acquired, nor for the purchase and installing of any utility connections in such a building. Further, that no money may be appropriated by the Legislature or drawn from the State Treasury for sectarian purposes. By reason of the laws applicable to West Texas State College, it is a State College for education in the Arts and Sciences and is non-sectarian. The chapel may not therefore be for the exclusive use of any sect, denomination, or religion. The control of the chapel must be and remain in the Board.

The determination of whether the proposed installation in question meets with statutory requirements hereinbefore set out is a matter within the sound discretion of your Board.

### SUMMARY

The Board of Regents of Texas State Teachers Colleges may construct a chapel on the campus of West Texas State College through funds obtained from private sources, without cost to the State. State Colleges

are non-sectarian. The chapel may not
therefore be for the exclusive use of any
sect, denomination, or religion. The con-
trol of the chapel must be and remain in
the Board. Tex. Const. Art.I, Sec.7; Art.
2603c, Secs.1 and 7, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:bh:mw

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL